Bearden *v.* Moses.

## WM. M. BEARDEN *v.* B. O. MOSES.

1. BILLS AND NOTES. *Failure of consideration.* Failure of consideration subsequent to the transfer of a negotiable note, made before its maturity and without notice, will not affect an innocent holder.

2. SAME. *Transfer of negotiable note.* In the absence of proof, the law will presume a negotiable note transferred before maturity.

### FROM KNOX.

Appeal in error from the Criminal Court of Knox county.    M. L. HALL, J.

L. A. GRATZ for Bearden.

T. S. WEBB for Moses.

DEADERICK, C. J., delivered the opinion of the court.

This suit was brought by defendant in error, in the criminal court of Knox county, against plaintiff in error upon a note for $1,552.54, made by said plaintiff in error, payable, one day after date, to the order of R. R. Bearden, and by him endorsed to said defendant in error.

In January, 1878, the pleadings were made up, the defendant below having filed three pleas to the plaintiff's declaration, to-wit: *Nil debit,* payment, and failure of consideration.

Verdict and judgment were rendered for plaintiff below, and defendant Bearden has appealed to this court.

The cause was called for trial in February, 1879, a year after the pleadings were made up. The defendant's counsel then presented his own affidavit asking a continuance of the cause to the next term of the court, on account of the absence of W. H. Turley and R. R. Bearden. The former, the affidavit states, was summoned as a witness, but is absent without default of affiant's client. It is also stated that the testimony of said R. R. Bearden only became material five days before, when a decree was pronounced in the chancery court at Knoxville holding said W. M. Bearden liable for certain partnership debts of the firm composed of said W. M. and R. R. Bearden, and the said R. R. was then a resident of Texas, and his testimony was material to show that the note sued on was given in consideration of said R. R.'s agreement to pay said partnership debts.

The court refused the continuance, and this is assigned as one ground for reversal.

The cause had been continued at a former term, and the affidavit does not disclose what facts defendant expected to prove by Turley, nor even state that he was a material witness. It is true the affidavit states that R. R. Bearden's testimony only became material a few days before the application for a continuance was made, and that he was then a resident of Texas. But it is a mistake to assume that the evidence of failure of consideration only became material a few days before the affidavit was made. This defense was pleaded a year before the trial was had, and was the only defense finally relied on. It was

therefore material to have evidence to sustain it from the time the plea was filed. During this whole time said R. R. had not been summoned, nor had any effort been made to take his deposition, and, from the nature of the facts, it is manifest that defendant knew that said R. R. Bearden had knowledge of the consideration of the note from the time of its execution, and of course at the time of the filing of the affidavit. Therefore it was not averred in the affidavit, and could not have been, that it had but recently come to defendant's knowledge that he could prove such facts by said witness. No sufficient reason, therefore, was given why said R. R. Bearden had not been previously summoned, or why his deposition had not been taken.

We cannot hold, therefore, that his Honor abused his discretion in refusing to continue the cause.

It is said in argument that the testimony of L. A. Gratz, which was unobjected to, shows that R. R. Bearden said that the consideration of the note sued on was the assumpsit of R. R. Bearden to pay the debts of the firm, and this being so, defendant should have been allowed to introduce the chancery record to show that R. R. Bearden had not paid those debts, but that a decree had been rendered against W. M. Bearden for them. And, upon these facts, it is insisted that defendant was entitled to the same relief against plaintiff that he could have had against the payee of the note. And it is also argued that the court erred in charging substantially that plaintiff was entitled to recover on the note, but that defendant

would have a right of action against R. R. Bearden for his failure to perform his contract.

Upon the facts disclosed, we are of opinion that the proposition of counsel is untenable, and we are not prepared to say that the charge of his Honor is incorrect.

Failure of consideration subsequent to the transfer of a negotiable note, where it is not shown that the transfer was made after maturity, is no defense to the action by the endorsee: 10 Yer., 304. And that is this case, as made and insisted on by defendant himself. It is alleged the note was given in consideration of R. R. Bearden's agreement to pay the debts of the firm. This was a sufficient consideration to support the promise. There is no evidence to show that the note in this case was transferred after maturity, and in the absence of evidence the presumption is otherwise.

We have, then, the case of a note executed upon consideration of certain things to be thereafter done for the benefit of the maker by the payee, and the note is by the payee transferred before maturity to an innocent holder for value, without notice. In such a case, the holder is not affected by any equities which may subsist between the original parties.

Let the judgment be affirmed.